UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Colin Purdy,<br><br>Plaintiff,<br><br>v.<br><br>Stephanie Wilkins, Justin Neumann, Chris Baukol, Jesse Gilbertson, and Patrick M. Rielly,<br><br>Defendants. | Case No. 21-cv-00315 (SRN/BRT)<br><br>**ORDER** |

Jeffrey Colin Purdy, 2070 Wellens Street, Chaska, MN 55318; 3200 South Kings Highway, Cushing, OK 74023; 13880 Business Center Drive Northwest, Suite 200, Elk River, MN 55330-1692,[1] Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Jeffrey Colin Purdy's (1) Complaint [Doc. No. 1]; (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2]; (3) Motion for Reassignment of Judges ("Reassignment Motion") [Doc. No. 9]; and (4) Motions for Continuance [Doc. Nos. 15 & 19]. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the IFP Application without prejudice, **DENIES** the Reassignment

---

[1] Purdy has listed several mailing addresses in his filings. The Court will request that the Clerk's office send a copy of this Order to each of the addresses identified above.

Motion, **DENIES as moot** the Motions for Continuance, and **STAYS** the remainder of this action.

I.  BACKGROUND

Purdy is a defendant in pending federal and state criminal proceedings. *See generally United States v. Purdy*, No. 20-cr-00077 (SRN/BRT), Doc. No. 21 (D. Minn. May 14, 2020); *State v. Purdy*, No. 07-cr-20-0803 (Minn. Dist. Ct.). In the federal prosecution, Purdy entered into a plea agreement with the United States in August 2020. *See United States v. Purdy*, No. 20-cr-00077 (SRN/BRT), Doc. No. 34 (D. Minn. Aug. 24, 2020). Pursuant to that agreement, Purdy subsequently pled guilty to cyberstalking, and the United States agreed to move to dismiss the indictment's remaining counts at the time of sentencing. *See id.* Since entering his guilty plea, Purdy has indicated that he wants to withdraw his plea based on his counsel's alleged misconduct, and represent himself going forward. *See, e.g.*, *United States v. Purdy*, No. 20-cr-00077 (SRN/BRT), Doc. No. 66 (D. Minn. Feb. 22, 2021). Purdy has not yet been sentenced.

As for the state proceedings against Purdy, in March 2020 Minnesota authorities charged him with three violations of Minnesota criminal statutes: one count of stalking, one count of harassment through false impersonation, and one count of making violent threats. *See* Register of Actions, *State v. Purdy*, No. 07-cr-20-0803 (Minn. Dist. Ct.).[2] The state-court docket shows that this matter is still ongoing: for example, Purdy has filed a

---

[2] The Register of Actions in the state proceedings is publicly accessible, and this Court may take judicial notice of public court records. *See, e.g.*, *Bellino v. Grinde*, No. 18-cv-01013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

motion to dismiss, and the state court has held two omnibus hearings thus far. *See id.* It appears that no trial date has yet been set. *See id.*

These federal and state criminal proceedings form the backdrop for Purdy's civil Complaint in this matter. The Complaint names five defendants, all federal or state law enforcement authorities involved in investigating Purdy. (*See* Compl. [Doc. No. 1], at 1, 7, 11, 15, 17, 19.) Purdy claims, in essence, that he is innocent of the charges against him, and that Defendants entered into a plan to secure his conviction even though they knew he was innocent. Purdy alleges that the Defendants' plan violated his constitutional rights in numerous ways. (*See id.* at 23-29.)

Alongside the Complaint, Purdy filed a "Request for Relief" [Doc. No. 3] specifying the remedies he seeks through this action. The document was originally docketed as a "Motion for a Temporary Restraining Order." Because the document enumerates both the preliminary and ultimate relief sought by Purdy, and the Complaint does not itself set out the relief sought, the Court construes this document to be the Complaint's prayer for relief rather than an independent motion for preliminary injunctive relief. Purdy seeks compensatory damages, as well as injunctive relief related to the ongoing criminal prosecutions. (*See, e.g.*, Request for Relief at 1 ("Mr. Purdy seeks a temporary injunction on the defendants preventing them from further 'creating' false evidence, reports, and any other form of false information. Preventing further degradation of the 'integrity' of the 'evidence'/information in Mr. Purdy's case.").)

Purdy has filed several motions. First, Purdy filed an application to proceed *in forma pauperis* [Doc. No. 2]. Second, Purdy moved for a reassignment of judges, requesting that

3

the Court assign this matter to a different district and magistrate judge. (Reassignment Mot. [Doc. No. 9].) Third, on May 7, 2021, Purdy filed a "Motion for Continuance," requesting "a 30 day continuance for any open action items Mr. Purdy may have," and also requesting that future filings in this action be sent to multiple addresses. (Mot. for Continuance [Doc. No. 15].) Finally, on July 20, 2021, Purdy filed a second Motion for Continuance, requesting "an additional sixty (60) day extension for any actions assigned to Mr. Purdy." (Second Mot. for Continuance [Doc. No. 19].)

## II.   DISCUSSION

### A.   Reassignment Motion

The Court first considers Purdy's Reassignment Motion. In the motion, Purdy requests that a different district and magistrate judge be assigned to this matter because the currently assigned judges also preside over Purdy's federal criminal case. (*See* Reassignment Mot. at 1-3.) Purdy argues that this action "need[s] to be reviewed by unbiased Judges who have not been tainted by the [Defendants'] misconduct [in the criminal action]," and who "have no conflicts of interests." (*Id.* at 2-3.)

The Court is bound by 28 U.S.C. §§ 144 and 455, as well as the Code of Conduct for United States Judges ("the Code"). If recusal were required under either set of rules, the Court would disqualify itself. Section 144 requires recusal "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Section 455 more broadly provides that disqualification is required in any proceeding in which the judge's "impartiality might

4

reasonably be questioned." 28 U.S.C. § 455(a). The Code similarly requires disqualification where "the judge's impartiality might reasonably be questioned." Canon 3(C)(1).[3] The test is an objective one, and disqualification is required "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (quoting *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)).

The Court finds that Purdy has not carried his substantial burden of demonstrating that the judges assigned to this matter have either an actual personal bias or prejudice against him, or the appearance of such bias. It is true that the undersigned and Magistrate Judge Becky R. Thorson preside over Purdy's federal criminal prosecution; but that fact is not alone sufficient for a reasonable person to question the undersigned's or Judge Thorson's impartiality. *Cf. United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that

---

[3] The Code is publicly available at https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#c.

would make fair judgment impossible." (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))). Moreover, Purdy has not presented any evidence that either the undersigned or Judge Thorson have displayed any bias against him. Therefore, neither § 144, § 455, nor the Code require disqualification. As a result, recusal is not just inappropriate, it is arguably prohibited.[4] Accordingly, the Court denies Purdy's Reassignment Motion.

### B. Stay of Proceedings

This action's obvious connection to Purdy's pending federal and state criminal prosecutions raises the additional question of whether this Court should refrain from addressing this civil action until the conclusion of those proceedings. The Supreme Court has made clear that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court has "'broad discretion to stay proceedings when appropriate' to control its docket." *Pavek v. Simon*, No. 19-cv-03000 (SRN/DTS), 2020 WL 4013982, at *2 (D. Minn. July 16, 2020) (quoting *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956 (D. Minn. 2018)). "In considering a stay, the Court considers relevant factors, including but not necessarily limited to (1) the conservation of judicial resources; (2) maintaining

---

[4] *See, e.g.*, *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."); *Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (stating that "[b]ecause the rules do not require . . . recusal," the judge was "obligated to remain on the panel"); *Walker v. Bishop*, 408 F.2d 1378, 1382 (8th Cir. 1969) ("[T]here is as much obligation on the part of the judge not to recuse himself when there is no occasion for so doing as there is to recuse himself when such an occasion exists.").

control of the court's docket; (3) providing for the just determination of cases; and (4) the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay." *Id.* (citations omitted).

Here, Purdy's claims arise out of prosecutors' and law enforcement officers' conduct in his pending federal and state criminal prosecutions. Purdy alleges that the Defendants in this matter have violated his constitutional rights throughout those proceedings, and he seeks damages and injunctive relief against them. The Court sees no reason why Purdy cannot adequately present his constitutional claims in those proceedings, rather than in this collateral litigation. Accordingly, in the interests of judicial economy, the Court finds that a stay of this matter is warranted.

Purdy is ordered to inform the Court, through a filing in this action, when (1) *State v. Purdy*, No. 07-cr-20-0803 (Minn. Dist. Ct.), and (2) *United States v. Purdy*, No. 20-cr-00077 (SRN/BRT)—and any appeals from those proceedings—have concluded. The Court also orders that this action be administratively closed until Purdy informs the Court of the outcomes of his federal and state criminal proceedings. Given the Court's disposition of this matter, the Court will also deny Purdy's IFP Application without prejudice.

        **C.**      **Motions for Continuance**

Lastly, the Court considers Purdy's Motions for Continuance. In the first motion, Purdy represented that due to his relocation between jails, he was unsure whether the Court had issued any orders requiring his response. He therefore requested a "30 day continuance for any open action items Mr. Purdy may have." (Mot. for Continuance at 1.) In the second motion, Purdy requested—because the Court had not ruled on the first motion—that the

Court grant "an additional sixty (60) day extension for any actions assigned to Mr. Purdy." (Second Mot. for Continuance at 1.) Purdy acknowledged that, "[s]hould no action items be assigned" to him, "this Motion and previous Motion for Continuance should be rendered moot." (*Id.* at 2.) Purdy has not missed any deadlines, and in light of the Court's stay of these proceedings, there are no "action items" for him. The Court will, therefore, deny these motions as moot.

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED without prejudice**;

2. Plaintiff's Motion for Reassignment of Judges [Doc. No. 9] is **DENIED**;

3. Plaintiff's Motions for Continuance [Doc. Nos. 15 & 19] are **DENIED as moot**;

4. This action is **STAYED** pending final resolution of Plaintiff's federal and state criminal prosecutions, and any appeals therefrom, in (1) *State v. Purdy*, No. 07-cr-20-0803 (Minn. Dist. Ct.) and (2) *United States v. Purdy*, No. 20-cr-00077 (SRN/BRT);

5. Plaintiff is ordered to inform the Court, through a written notice filed in this action, when (1) *State v. Purdy*, No. 07-cr-20-0803 (Minn. Dist. Ct.), and (2) *United States v. Purdy*, No. 20-cr-00077 (SRN/BRT), and any appeals therefrom, have concluded;

6. This action shall be administratively closed until the Court lifts the stay imposed herein.

Dated: July 22, 2021

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge