# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Colin Purdy,<br><br>   Plaintiff,<br><br>v.<br><br>Stephanie Wilkins, Justin Neumann, Chris Baukol, Jesse Gilbertson, and Patrick M. Rielly,<br><br>   Defendants. | Case No. 21-CV-0315 (SRN/BRT)<br><br><br>**ORDER** |

Jeffrey Colin Purdy, Sherburne County Jail, 13880 Business Center Drive, N.W. Elk River, MN 55330, *Pro Se*.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Plaintiff Jeffrey Colin Purdy's Motion and Affidavit for Permission to Appeal in Forma Pauperis [Doc. No. 26 ("IFP Application")]. For the following reasons, the Court grants the IFP Application and orders Purdy to pay an initial partial filing fee of $20.23 (due immediately).

  Under Federal Rule of Appellate Procedure 24(a)(3),

> [a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

    proceed in forma pauperis and states in writing its reasons for the certification or finding; or

 (B) a statute provides otherwise.

For purposes of the IFP Application, the Court notes that in Purdy's federal criminal case, he "was determined to be financially unable to obtain an adequate defense in a criminal case," so was appointed counsel. [*See* Order for Appointment of Counsel, *United States v. Purdy*, No. 20-CR-0077 (SRN/BRT) (D. Minn. Mar. 5, 2020).] He therefore may proceed on appeal IFP unless one of the Rule 24(a)(3) conditions applies. The Court continues to believe that it correctly decided the matters raised by Purdy's notice of appeal [*see* Doc. Nos. 20–21], but does not conclude that Purdy is not taking this appeal in good faith. Furthermore, the Court is unaware of any statute providing that Purdy cannot proceed IFP on appeal here. The Court therefore the IFP Application.

Because Purdy is a prisoner, however, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

 (1) Notwithstanding subsection (a), if a prisoner . . . files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

  (A) the average monthly deposits to the prisoner's account; or

  (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .

 (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20

>   percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for . . . an appeal of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act ("PLRA")—prisoners who are granted IFP status on appeal are *not* excused from paying the appellate filing fee altogether, as is the case for nonprisoner IFP appellants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the appellate filing fee in installments, rather than paying the entire amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the appeal, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, the "Certificate" section of the IFP Application provides information derived from his inmate trust account—as required by § 1915(a)(2)—and shows that the

amount of his average monthly deposits (during the period for which information is readily available[1]) was $101.17, while his average balance during the same period was $56.48. [*See* Doc. No. 26-1 at 1.] Because the average-monthly-deposits amount exceeds the average-monthly-balance amount, Purdy's initial partial filing fee for his appeal, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20 percent of the average monthly deposits, or $20.23. If Purdy elects to pursue his appeal, he will be required to pay this initial partial filing fee regardless of the appeal's outcome, and prison officials will be authorized to deduct the remainder of the $505.00 filing fee from Purdy's trust account, as provided by § 1915(b)(2).

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jeffrey Colin Purdy's application to proceed in forma pauperis on appeal [Doc. No. 26] is **GRANTED**.

2. Purdy must pay an initial partial filing fee of $20.23. That amount is due and payable immediately. The remainder of the $505.00 appellate filing fee must be paid by Purdy in installments over time.

Dated: October 8, 2021

                                        s/Susan Richard Nelson
                                        SUSAN RICHARD NELSON
                                        United States District Judge

---

[1] Purdy states that he lacks certificates of authorized prison officials for several other institutions where he has been held recently. [*See* Doc. No. 27 at 1.] The Court thus calculates Purdy's initial partial filing fee based on the information provided, which covers the month before Purdy submitted the IFP Application. If Purdy seeks to contest this calculation of his initial partial filing fee, it will be his responsibility to collect the relevant information and forms from the other institutions where he has resided.